ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| HK&S Construction Holding Corp. | )     ASBCA No. 60164 |
| | ) |
| Under Contract No. W912WJ-14-C-0020 | ) |

APPEARANCES FOR THE APPELLANT:     John A. Dorsey, Esq.
W. Mark Russo, Esq.
Ferrucci Russo P.C.
Providence, RI

APPEARANCES FOR THE GOVERNMENT:     Thomas H. Gourlay, Jr., Esq.
Engineer Chief Trial Attorney
Theresa A. Negron, Esq.
Engineer Trial Attorney
U.S. Army Engineer District, New England

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

### INTRODUCTION

The government moves to dismiss the appeal for lack of jurisdiction because, it contends, the appeal is untimely. Appellant contends that the appeal is timely because it filed the appeal within 90 days of receiving the hard copy of the decision that the government sent by Federal Express. The government has not replied to appellant's response. The motion is denied.

### STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

The parties entered into the contract in September 2014 (R4, tab 5 at 1), for appellant, Hugo Key & Son Construction Holding Corp. (HK&S) to perform repairs to a jetty at Block Island, Rhode Island (R4, tab 2 at 1). On 5 June 2015, the contracting officer terminated the contract for default (app. resp., ex. A). At 2:35 p.m. on the same day, the contracting officer sent HK&S an email with the following message:

> Please see the attached letter, notifying you that the subject contract has been terminated for default. A hardcopy of this letter has been sent to you overnight via [Federal Express].

(Gov't mot., ex. 1)

Although the email listed as an attachment a "Notice of Termination for Default.pdf" (gov't mot., ex. 1), the record does not include the email attachment itself. Additionally, the email does not indicate which of the notices (that is, the emailed notice or the notice sent by Federal Express) was intended to begin the running of the 90-day appeal period pursuant to the Contract Disputes Act (CDA), 41 U.S.C. § 7104(a) (*id.*).

HK&S received the hard copy of the notice of termination for default on 8 June 2015 (app. resp., ex. B ¶ 4), and filed its appeal on 4 September 2015, 91 days after 5 June 2015, but only 88 days after 8 June 2015.

## DECISION

The Board lacks jurisdiction over any appeal filed outside of the appeal period set forth in 41 U.S.C. § 7104(a) of the CDA, which requires a contractor wishing to appeal a contracting officer's final decision to the Board to do so within 90 days from the date of receipt of the final decision. *TTF, LLC*, ASBCA No. 59511 *et al.*, 15-1 BCA ¶ 35,883 at 175,434. Sending multiple copies of a contracting officer's final decision without indicating which of them is intended to begin the running of the appeal period entitles the contractor to compute the date from receipt of the last copy. *Id.* at 175,435. However, where an appellant has previously requested to receive correspondence by means of a particular medium, an earlier copy of the decision received through that medium may start the 90-day appeal clock. *Id.*

It is the government's burden to establish the date the final decision was received, but the burden of proof is on appellant to establish that its appeal was timely filed. *TTF, LLC*, 15-1 BCA ¶ 35,883 at 175,434. Although it appears that the contracting officer sent HK&S the notice of termination by email on 5 June 2015 (the record contains the email listing the notice of termination as an attachment, but not the attachment itself), HK&S received a hard copy of the notice of termination on 8 June 2015. The government points to no evidence that HK&S had previously requested to receive correspondence by email, and the 5 June 2015 email does not indicate whether the email or the hard copy was intended to begin the running of the appeal period. Consequently, HK&S was entitled to compute the commencement of the appeal period from its receipt of the hard-copy notice of termination on 8 June 2015. Because the notice of appeal was filed within 90 days of 8 June 2015, the appeal is timely, and we possess jurisdiction to entertain it.

2

## CONCLUSION

For these reasons, the government's motion is denied.

Dated: 25 March 2016

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur                                          I concur

MARK N. STEMPLER                    RICHARD SHACKLEFORD
Administrative Judge                    Administrative Judge
Acting Chairman                          Vice Chairman
Armed Services Board                   Armed Services Board
of Contract Appeals                      of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60164, Appeal of HK&S Construction Holding Corp., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

3